```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 GABRIEL MOSES BURKE,                           :
                                                :      MEMORANDUM DECISION AND
                                                :      ORDER
                            Plaintiff,          :
                                                :      23-cv-2746 (BMC)
             - against -                        :
                                                :
                                                :
 NEPALESE INDIAN RESTAURANT,                    :
                                                :
                                                :
                            Defendant.          :
                                                :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

    This is an action under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, in which plaintiff, alleging that he is wheelchair bound, claims that barriers to entry and other access to defendant's business deprive him of rights to which he is entitled under Title III. This is one of fourteen similar ADA actions plaintiff has brought against restaurants in this district.

    In the instant action, he has filed a desultory motion for a default judgment that does not comply with Local Rules 7.1 and 55.2. It consists of a notice of motion and a short attorneys' affirmation which briefly and generally summarizes the allegations in the complaint. It doesn't reference the allegation from the complaint that plaintiff cannot access the women's restroom, which is probably just as well, but it repeats the boilerplate that defendant has been deprived of the opportunity to "browse, buy and enjoy," defendant's goods and services. This seems difficult to apply to a restaurant unless plaintiff is talking about a buffet, which would be unusual in this post-COVID era.

Other than unspecified attorneys' fees, it is not clear what relief plaintiff wants. The affirmation merely requests that defendant:

> remove the physical barriers to access and alter the Defendant to make ODAAN readily accessible and useable by individuals with disabilities to the extent required by the ADA, inclusive of but not limited to closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

I can't formulate an injunction out of that vague language as it would be unenforceable. Since plaintiff professes to have retained an expert, the motion is conditionally granted, but it is referred to Magistrate Judge Taryn Merkl to conduct an evidentiary hearing at which plaintiff's expert will testify and submit an architectural alteration plan addressing what existing structures have to be removed and with what they need to be replaced to comply with Title III so that an injunction will be enforceable.

The Court will not act on any application for attorneys' fees and expenses in this matter until plaintiff's counsel has obtained substantial compliance with the architectural alteration plan, or at least demonstrated diligent efforts to do so, as the purpose of this action (and the ADA generally) is obviously to create accessibility for plaintiff and the disabled public, not to allow a defendant to buy its way out of non-compliance for a small amount of attorneys' fees.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       August 31, 2023